UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NUMBER:  6:22-cv-2172

RAZVAN RUSOVICI,

　　　　Plaintiff,

vs.

UNIVERSITY OF CENTRAL FLORIDA
BOARD OF TRUSTEES;
MARCY VERDUIN
(in her official and individual capacity);
DOE DEFENDANTS 1-20
(in their official and individual capacity);

　　　　Defendants.

_____/

## DEFENDANTS UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES AND MARCY VERDUIN'S MOTION TO DISMISS AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendants University of Central Florida Board of Trustees ("UCF") and

Marcy Verduin ("Verduin"), pursuant to *Federal Rule of Civil Procedure* 12(b)(6)

respectfully request this Honorable Court to dismiss Plaintiff's Amended

Complaint[1], and in support state:

## I.    Procedural History

---

[1] Plaintiff failed to title his second Complaint as an Amended Complaint. The pending Complaint, however, was filed in response to Defendants' previously filed Motion to Dismiss the original complaint. Additionally, the Amended Complaint does not contain claims of negligence or negligent infliction of emotional distress as indicated in its case style.

On February 7, 2023, Plaintiff filed his original Complaint in this action against UCF, four named individual defendants and the "Doe defendants." In response, UCF and three of the individual defendants filed a Motion to Dismiss Plaintiff's Complaint in its entirety. Rather than respond to the Motion to Dismiss, Plaintiff, on March 23, 2023, chose to file an Amended Complaint. In the Amended Complaint, Plaintiff dropped three individual defendants and two counts from his claims and split one count into two. The factual allegations in the Amended Complaint, however, remain virtually unchanged.

## II.    Plaintiff's Alleged Facts

Defendant UCF is a public university located in Orlando, Florida. (Am. Cx. ¶ 3)[2] Plaintiff, Razvan Rusovici, is a former student of UCF's College of Medicine. (Am. Cx. ¶ 2) On January 27, 2020, Plaintiff took an exam (the "Exam") using ExamSoft assessment software. (Am. Cx. ¶ 14) During the test, Plaintiff appeared jumpy and unfocused. (Am. Cx. ¶ 22) Plaintiff looked at other students when they made noise. *Id*. Plaintiff also has "dry eyes" which made him move his eyes around more often than other students. (Am. Cx. ¶ 23) In addition, the ExamSoft system recorded Plaintiff as having spent time on the same question as the student in front of him thirty-five (35) times during the exam. (Am. Cx. ¶¶ 25-26)

---

[2] Plaintiff's Amended Complaint will be cited to herein as (Am. Cx. ¶ __).

Plaintiff alleges that, after the exam, having observed his behavior, exam Proctors Phillip Bellew and Basma Selim accused him of possible misconduct. (Am. Cx. ¶ 19) After the Exam, UCF compared the ExamSoft results to the results of five (5) other students. (Am. Cx. ¶ 28) After doing so, UCF's Associate Dean of Students, Jonathan Kibble, informed Plaintiff of a "possible honor violation" based on the conduct observed during his exam and the ExamSoft results. (Am. Cx. ¶ 30)

On February 21, 2020, an "initial hearing" was held by the Student Professional Conduct Council ("SPCC") consisting of Associate Dean Kibble and three other individuals. (Am. Cx. ¶ 31) After the hearing, Plaintiff was informed that a formal hearing would be held on March 6, 2020. (Am. Cx. ¶ 38) Plaintiff was provided the ExamSoft data regarding his Exam on March 2, 2020, four days before the scheduled hearing. (Am. Cx. ¶ 39) At Plaintiff's request, however, Defendant extended the hearing date so that Plaintiff had sufficient time to review the ExamSoft data. (Am. Cx. ¶ 41)

Prior to the newly scheduled hearing Plaintiff voluntarily withdrew from UCF. (Am. Cx. ¶ 48)

### III.   Legal Standard for a Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "A plaintiff's obligation to provide the grounds

of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (quotation and internal alterations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Mere conclusory statements in support of a threadbare recital of the elements of a cause of action do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); *also see Davila v. Delta Air Lines, Inc.* 326 F.3d 1183, 1185 (11th Cir. 2003) ("conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal").

## IV.    Count I Fails to State a Claim Against UCF under 42 U.S.C § 1983.

In Count I of the Complaint, Plaintiff purports to bring a claim against UCF for violation of 42 U.S.C § 1983. "[I]n the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought[,]" whether under federal or state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *also see Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005). This immunity is an absolute bar on all "suits by private parties seeking to impose a liability which must be paid from public funds in the state treasury." *Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir. 1985).

UCF is an established arm of the State. *See Hillemann v. Univ. of Cent. Fla.,* 167 F. App'x. 747, 748 (11th Cir. 2006)  and the immunity applies to the State and its officials acting in their official capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1524 (11th Cir.1990).

The Supreme Court has only "recognized three situations in which there is a 'surrender' of Eleventh Amendment sovereign immunity: (1) when a state waives its Eleventh Amendment sovereign immunity and consents to suit in federal court, (2) when Congress, acting pursuant to § 5 of the Fourteenth Amendment, abrogates a state's Eleventh Amendment sovereign immunity by expressing an unequivocal intent to do so, and (3) when a state official is sued for prospective injunctive relief to end a continuing violation of federal law." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1278 (11th Cir. 1998). None of these situations apply to Plaintiff's claim. First, the State of Florida has not waived its Eleventh Amendment immunity but, in fact, has expressly retained it. *See* Fla. Stat. § 768.28(18); *Louisius v. Fla. Dept. Corr.,* 2015 WL 667973 at *5 (M.D. Fla. Feb. 17, 2015). Second, Congress has not abrogated Florida's Eleventh Amendment immunity, and "it is clear that § 1983 has not done so." *Camm v. Scott*, 834 F. Supp. 2d 1342, 1347 (M.D. Fla. 2011); *see also*, *Williams v. Bd. of Regents of Univ. Sys*., 441 F.3d 1287, 1303 (11th Cir. 2006). Third, Plaintiff does not seek prospective relief. Even if he did, state

agencies "are never subject to unconsented suit, even under the doctrine of *Ex parte Young* [which] applies only when state officials are sued for prospective relief in their official capacity. It does not permit suit against state agencies or the state itself, even when the relief is prospective." *Eubank v. Leslie*, 210 Fed. Appx. 837, 844 (11th Cir. 2006).

Count I against UCF is also subject to dismissal because UCF does not qualify as a "person" under 42 U.S.C. §1983. In order to prevail in a § 1983 claim, the conduct complained of must have been committed by a person acting under color of state law. *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419-1420 (11th Cir. 1985). A state and its agencies are not "persons" within the meaning of § 1983. *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995). Based on UCF's Eleventh Amendment immunity and the fact that UCF is not a "person" Count I of Plaintiff's Complaint should be dismissed with prejudice as to UCF.

## V.     Count II Fails to State a Valid Due Process Claim Against Marcy Verduin in her Individual Capacity.

### a.  Plaintiff Fails to Allege any Action Taken by Marcy Verduin in her Individual Capacity.

As noted above, Eleventh Amendment immunity applies to UCF **and** its officials acting in their official capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Carr v. City of Florence, Ala.,* 916 F.2d 1521,

1524 (11th Cir.1990). Accordingly, Count II must be dismissed unless Plaintiff properly alleges a claim against Ms. Verduin in her individual capacity.

The only factual allegations against Ms. Verduin are contained in Paragraphs 44 - 46 of the Amended Complaint. These allegations, however, clearly allege conduct taken in her official capacity. Specifically, Plaintiff alleged that, before his formal hearing, he contacted Ms. Verduin in her role as the Associate Dean of Students to request an informal resolution of the charge against him. Dean Verduin allegedly denied his request. The only possible reason for Plaintiff to reach out to Dean Verduin would be a belief that she, as the Associate Dean of Students, had the power to grant his request. Dean Verduin would have no ability in her individual capacity to impact Plaintiff's case. On this basis alone, Plaintiff fails to state a claim against Dean Verduin in her individual capacity.

### b. Plaintiff Does Not Allege a Substantive Due Process Claim Against Dean Verduin.

Assuming arguendo that Plaintiff alleged actions taken by Dean Verduin in her official capacity, at a minimum, in order to prevail on a claim for violation of substantive due process rights, Plaintiff must prove, "(1) the existence of a protected property or liberty interest; and (2) arbitrary and capricious conduct on the part of state officials by showing that there was no rational basis for their decision or that the decision was motivated by bad faith or ill will unrelated to academic performance." *Schuler v. Univ. of Minn.,* 788 F.2d 510, 515 (8th

Cir.1986); *see also Regents of Univ. of Mich. v. Ewing,* 474 U.S. 214, 223, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985); *Hamil v. Vertrees,* No. 98-D-508-N, 2001 WL 135716, at *7 (M.D. Ala. Jan.10, 2001).

Based on defense counsel's research, while, on occasion they have assumed it for the sake of argument, the United States Supreme Court, the Eleventh Circuit and the Florida Supreme Court have never concluded that a protected property interest exists in a student's post-secondary education at a public college. *See e.g. Wright v. Chattahoochee Valley Cmty. College*, No.: 3:06-cv-1087-WKW, 2008 WL 4877948, at *4 (M.D. Ala. Nov. 12, 2008). Accordingly, Plaintiff's Complaint fails to allege a recognized protected property or liberty interest.

Even if Plaintiff could meet the first element of a substantive due process claim and that Dean Verduin was not entitled to qualified immunity[3], the Amended Complaint clearly fails to allege that Dean Verduin acted in an arbitrary and capricious manner, that there was no rational basis for her actions, or that she was motivated by malice or ill-will.

---

[3] While Plaintiff fails to allege a substantive due process claim, it is noted that he also could not defeat a claim of qualified immunity because he cannot point to any decision of the United States Supreme Court or the Eleventh Circuit Court of Appeals, "decided before the events at issue, that establishes a constitutional violation on 'materially similar' facts." *Hamil*, 2001 WL 135716, at *27.

In *Ewing,* the Supreme Court explained the "arbitrary and capricious" standard and the requisite deference for academic decisions as follows:

> When judges are asked to review the substance of a genuinely academic decision, ... they should show great respect for the faculty's professional judgment. Plainly, they may not override it unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment. *Ewing*, 474 U.S. 214 at 223.

Merely alleging a "possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss," *Sinaltrainal v. Coca-Cola Co*., 578 F.3d 1252, 1261 (11th Cir. 2009) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), and federal courts may infer "obvious alternative explanation[s]" from a complaint's factual allegations "that suggest lawful conduct rather than an inference of unlawful conduct." *Am. Dental Ass'n v. Cigna Corp*., 605 F.3d 1283, 1290 (11th Cir. 2010).

As noted above, the only allegation made by Plaintiff against Dean Verduin is that she rejected his request to interfere with the academic review process applicable to all medical school students. He does not allege any fact from which it might be concluded that her rejection of his request for an "informal resolution" was a "substantial departure from academic norms" as required by the Supreme Court in *Ewing,* cited above. He does not allege that Ms. Verduin had any role in the ongoing disciplinary proceedings or even that she had the authority to provide him with an informal hearing.

In fact, Plaintiff did not have a right to an informal hearing. In claiming such a right, Plaintiff refers to Section 3.1.4.2 of the UCF College of Medicine's MD Program Honor Code, a copy of which is attached hereto as Exhibit "A."[4] Section 3.1.4.2 does not provide students with a right to request an informal hearing but states that, after an informal investigation of an allegation of academic misconduct (which Plaintiff refers to as an "initial hearing"), one option for the SPCC is to informally resolve the charge of academic misconduct. In Plaintiff's case, after the informal investigation in which Plaintiff participated (Am. Cx. ¶ 31), the SPCC, following Honor Code procedures instead elected to schedule an Honor Hearing at which all evidence could be reviewed and presented before a determination was reached as to whether Plaintiff engaged in academic misconduct. Dean Verduin is not alleged to have been a member of the SPCC or involved with its processes and procedures in any way.

Based on the facts and law set forth above, Plaintiff fails to and cannot allege a claim of substantive due process against Dean Verduin.

> ### c. Plaintiff Does Not and Cannot Allege a Claim of Procedural Due Process.

---

[4] When a Plaintiff fails to include a document on which a claim is based with his Complaint, Defendant may attach a copy to its Motion to Dismiss. *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1280, n. 16 (11th Circuit 1999).

An "individual does not have a cognizable claim for a procedural due process violation unless and until the State fails to provide due process. Only when the state refuses to provide process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *Wilhelm v. Fla. A&M Univ. College of Law*, Case No. 6:07-CV-281-Orl-19KRS, 2007 WL 1482022, *2 (M.D. Fla. Mar. 7, 2007) (*citing McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994)).

All due process requires, in connection with the possible discipline of a student, "[is] that the student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Univ. of Missouri v. Horowitz*, 435 U.S. 78, 85 (1978). This standard is satisfied by a mere "'informal give-and-take' between the student and the administrative body dismissing him that would, at least, give the student the opportunity to characterize his conduct and put it in what he deems the proper context," for the "very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." *Id.*

In this case, UCF provided Plaintiff with due process. Plaintiff received notice of the claim of academic misconduct against him and participated in the

informal investigation. During that meeting, the parties discussed and he was permitted to try to explain his behavior during the Exam. (Am. Cx. ¶ 32).

Via the informal investigation, Plaintiff was provided due process and UCF then could have made a final decision as to whether and what disciplinary action should be taken. Instead, UCF, through its SPCC, provided another level of due process to Plaintiff in the form of the scheduled Honor Hearing. Pursuant to UCF's policies, before the Honor Hearing was to be held, Plaintiff was provided a copy of the ExamSoft data. He was also granted an extension of time to have a third-party examine such data. (Am. Cx. ¶¶ 40, 43). Plaintiff, however, chose not to avail himself of the available additional due process and withdrew from school before the Honor Hearing.

Plaintiff's claim fails not only because he received due process from UCF but also because he failed to exhaust his remedies by withdrawing from school before his scheduled Honor Hearing took place. *See Doe V. Univ. of S. Fla. Bd. of Trs.*, No. 8:15-cv-682-T-30EAJ, 2015 WL 3453753, at *3 (M.D. Fla. May 29, 2015) (dismissing procedural due process claim because the plaintiff did not "allege that he sought an appeal" of defendant's adverse disciplinary decision); *Sarver v. Jackson*, 344 F. App'x 526 (11th Cir. 2009); and *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994). Plaintiff's alleged injury was caused not by UCF or its employees but by his own act of withdrawing from school thereby

terminating the due process procedures provided to him by the school. Plaintiff cannot claim a procedural deprivation when he failed to take advantage of the available review process.

In addition, Plaintiff failed to seek sufficient available state court relief, such as by filing a petition for certiorari review with the Circuit Court in and for Orange County, Florida. *See Fla. R. App. P.* 9.100(c) and 9.190(b) (3) (providing for certiorari review of quasi-judicial actions of state agencies, boards and commissions). "Since the Florida courts possess the power to remedy any deficiency in the process by which Rusovici was terminated, Rusovi cannot claim that he was deprived of procedural due process." *McKinney,* 20 F.3d at 1565.

Because Plaintiff's Complaint shows that UCF provided him with substantive and procedural due process, that Dean Verduin had no role in the processing of the charge against him, and Plaintiff failed to avail himself not only of UCF's due process proceedings but those provided in the Florida courts, Plaintiff cannot state a claim under 42 U.S.C. § 1983 against Dean Verduin and Count II of the Complaint should be dismissed with prejudice.

## VI.   Count III Fails to Allege a Justiciable Claim under Title IV.

Under Title VI of the Civil Rights Act of 1964, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under

any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

It is firmly established that only public and private entities can be held liable under

Title VI. *Price ex rel. Price v. La. Dep't of Educ.*, 329 F. App'x 559, 561 (5th Cir.

2009) *citing Shotz v. City of Plantation,* 344 F.3d 1161, 1171 (11th Cir.2003) ("It

is beyond question ... that individuals are not liable under Title VI."); *see*

*also United States v. Baylor Univ. Med. Ctr.,* 736 F.2d 1039, 1044 n. 9 (5th

Cir.1984). Accordingly, Count II of the Complaint should be dismissed with

prejudice as to Dean Verduin.

As to UCF, it is well-settled that Title VI prohibits only intentional

discrimination. Proof of disparate impact is not sufficient. *Alexander v. Sandoval*,

532 U.S. 275, 280-281 (2001); *Mumid v. Abraham Lincoln High Sch.*, 618 F.3d

789, 794 (8th Cir. 2010), cert. denied, 131 S. Ct. 1478 (2011). Count II of

Plaintiff's Complaint clearly pleads that the "the implementation of UCF's policies

has a disparate impact on minority students at UCF." (Am. Cx. ¶ 86) (emphasis

added). Accordingly, Count II also should be dismissed with prejudice as to UCF.

Even if the Court ignores the fact that Count II of the Complaint is

specifically pled as a disparate impact claim, the claim still fails. To state a cause

of action under Title VI against UCF, Plaintiff must allege that UCF discriminated

against him because of his national origin, the discrimination was intentional, and

the discrimination was a "substantial" or "motivating factor" for UCF's actions. *See*

*Tolbert v. Queens Coll*., 242 F.3d 58, 69 (2d Cir. 2001); and *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). Plaintiff's subjective beliefs do not create an inference of intentional discrimination. *See, e.g., Byers v. Dallas Morning News, Inc*., 209 F.3d 419, 427 (5th Cir. 2000). Rather, for Plaintiff's Title VI claim to survive a Motion to Dismiss, the facts alleged in the Complaint must allow the Court to reasonably infer that his national origin was a substantial or motivating factor for UCF's actions. *See Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). They do not.

Plaintiff's problems begin with the fact that nowhere in the Complaint does it allege what his national origin is. Plaintiff provides a single allegation about his "culture" (Am. Cx. ¶ 32) (Plaintiff "informed the SPCC that his eye contact is sometimes lacking because of his Eastern European culture") but culture is not a protected class under Title VI. Furthermore, even if Plaintiff's reference to his culture could somehow be construed as identifying his national origin, Plaintiff fails to make any connection between UCF's disciplinary process and his lack of eye contact with others but, in one of the few changes in the Amended Complaint, simply adds the conclusory opinion that he was discriminated against due to his lack of eye contact.

Ironically, a review of Plaintiff's conduct began when his Exam Proctors observed Plaintiff appearing to make <u>too much</u> eye contact with other students'

exams. Plaintiff's allegations of excess eye movement and looking at other students while taking the Exam explain why he was suspected of possible misconduct. Plaintiff, however, fails to allege any facts supporting a claim that his alleged lack of eye contact when speaking with others, however, had any impact on or relevance to UCF's disciplinary process.

As set forth above, Plaintiff specifically pleads that his claim is one of disparate impact. Plaintiff wrongly equates culture with national origin. UCF could not have based any alleged act or omission on Plaintiff's national origin because it did not know his national origin. Finally, the Amended Complaint does not allege any facts to support a claim that UCF discriminated against him due to a lack of eye contact or even that anyone with UCF noticed a lack of eye contact. For these reasons, Count II should be dismissed with prejudice as to all defendants.

## VII.  Conclusion

**WHEREFORE,** for the multiple reasons set forth above, Defendants University of Central Florida Board of Trustees and Marcy Verduin respectfully request an Order dismissing Plaintiff's Amended Complaint with prejudice.

Respectfully submitted this 6th day of April 2023.

/s/ *Mark Van Valkenburgh*
JEFFREY S. WEISS, ESQUIRE
Florida Bar No.  750565
MARK VAN VALKENBURGH, ESQUIRE
Florida Bar No. 065773

**GARGANESE, WEISS, D'AGRESTA & SALZMAN, P.A.**
111 N. Orange Avenue, Suite 2000
Orlando, Florida  32801
Tel:  407-425-9566 / Fax:  407-425-9596
Primary email:        jweiss@orlandolaw.net
                              mvanvalkenburgh@orlandolaw.net
Secondary email: dguzman@orlandolaw.net
                              lfinke@orlandolaw.net
Attorneys for Defendants The University of Central Florida Board of Trustees, Basma Selim, Jonathan Kibble, and Marcy Verduin

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that the undersigned has reached out to Plaintiff's counsel's office but he is unavailable until April 10, 2023. Via his Litigation Manager, I extended the invitation to discuss the Amended Complaint on his return and will follow up.

/s/ *Mark L. Van Valkenburgh*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of March, 2023, a copy of the foregoing was electronically filed with the Clerk of Court for the US District Court for the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to:  Keith Altman, Esquire at The Law Office of Keith Altman, 33228 West 12 Mile Road, Suite 375, Farmington Hills, Michigan, 48331 at keithaltman@kaltmanlaw.com.

/s/ *Mark L. Van Valkenburgh*
Attorney