UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NUMBER:  6:22-cv-2172

RAZVAN RUSOVICI,

     Plaintiff,

vs.

UNIVERSITY OF CENTRAL FLORIDA
BOARD OF TRUSTEES;
MARCY VERDUIN
(in her official and individual capacity);
DOE DEFENDANTS 1-20
(in their official and individual capacity);

     Defendants.
_____/

## DEFENDANTS UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES AND MARCY VERDUIN'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendants University of Central Florida Board of Trustees ("UCF") and

Marcy Verduin ("Verduin"), pursuant to *Federal Rule of Civil Procedure* 12(b)(6)

respectfully request this Honorable Court to dismiss Plaintiff's Second Amended

Complaint, and in support state:

1

## I.    BACKGROUND

**Plaintiff's Factual Allegations[1]**

Defendant UCF is a public university located in Orlando, Florida. (Doc. 30 ¶ 3). Plaintiff, Razvan Rusovici, is a former student of UCF's College of Medicine. (*Id.* ¶ 2). At all relevant times, Defendant Verduin was employed by UCF as an Associate Dean of Students. (*Id.* ¶ 14). On January 27, 2020, Plaintiff took an exam (the "Exam") using ExamSoft assessment software. (*Id.* ¶ 13). During the test, Plaintiff appeared jumpy and unfocused. (*Id.* ¶ 21). Plaintiff looked at other students when they made noise. (*Id*). Plaintiff also has "dry eyes" which made him move his eyes around more often than other students. (*Id.* ¶ 22). The ExamSoft system recorded Plaintiff's "clicks" and flagged them whenever his "click" (to select an answer) was within fifteen seconds on the same question as the person in front of him. (*Id.* ¶ 24). ExamSoft recorded thirty-five such "clicks" by Plaintiff during the Exam. (*Id.* ¶¶ 25).

Plaintiff alleges that, after the exam, exam proctors accused him of engaging in academic misconduct. (*Id*. ¶ 18). UCF then compared the ExamSoft results to the results of five (5) other students. (*Id*. ¶ 27). After doing so, Associate Dean of Students, Jonathan Kibble, informed Plaintiff of a "possible honor violation." *(Id*. ¶ 29).

---

[1] There are very few differences between the allegations made in the Second Amended Complaint compared to the First Amended Complaint. New or altered allegations cited in this Motion will be pointed out in footnotes.

On February 21, 2020, an "initial hearing" was held by the Student Professional Conduct Council ("SPCC") with Associate Dean Jonathan Kibble, Mrs. McClain, Mr. Foley, and Mr. Orlando in attendance. (*Id*. ¶ 30). During the meeting, Plaintiff informed members of the SPCC that his eye contact is sometimes lacking because of "his Romanian decent (sic) Eastern European culture. (*Id*. ¶ 31).[2]

On February 25, 2020, Plaintiff was informed that a formal Honor Code Hearing would be held on March 6, 2020. (*Id*. ¶ 37). Plaintiff was provided the ExamSoft data regarding his Exam on March 2, 2020. (*Id*. ¶ 38). At Plaintiff's request, however, Defendant extended the hearing date for one week, to March 13, 2020, so that Plaintiff had additional time to review the ExamSoft data. *(Id*. ¶ 40).

On March 12, 2020, Plaintiff contacted Defendant Verduin to request an "informal hearing." (*Id*. ¶ 43). Defendant Verduin denied Plaintiff's request. (*Id*. ¶¶ 45). The same day, on March 12, 2020, and one day prior to the scheduled formal hearing, Plaintiff voluntarily withdrew from UCF. (*Id*. ¶¶ 10, 49).

**b.    Procedural History**

On November 21, 2022, Plaintiff filed his original Complaint in this action against UCF, Kibble, Verduin, and the two Exam proctors. In response, UCF and three of the individual defendants filed a Motion to Dismiss Plaintiff's Complaint

---

[2] The Complaint and Amended Complaint alleged that Plaintiff referenced his Eastern European culture. They did not reference his Romanian descent.

in its entirety. Rather than respond to the Motion to Dismiss, Plaintiff, on March 23, 2023, filed an Amended Complaint. The Amended Complaint raised claims only against UCF and Verduin, dropping all other named individual Defendants. On April 6, 2023, UCF filed a Motion to Dismiss the Amended Complaint and on June 14, 2023, the Court entered an order dismissing all claims but giving Plaintiff leave to re-plead to attempt to state a claim of national origin discrimination under Title VI of the Civil Rights Act versus UCF and/or a claim of substantive due process against Verduin. (Doc. 29).

## II.    Legal Standard for a Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (quotation and internal alterations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Mere conclusory statements in support of a threadbare recital of the elements of a cause of action do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); *also see Davila v. Delta Air Lines, Inc.* 326 F.3d 1183, 1185 (11th Cir. 2003) ("conclusory

allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal").

### III.    Count I Fails to State a Substantive Due Process Claim Against Marcy Verduin in her Individual Capacity.

#### a.  Introduction

The Court's Order Dismissing Plaintiff's Amended Complaint granted leave for Plaintiff to attempt to state a claim against Associate Dean Verduin for **substantive** due process. The Second Amended Complaint continues to be titled "Violation of Due Process" without distinguishing between substantive and procedural due process. (Doc. 30 p. 9). In addition, Plaintiff continues to refer to "Individual Defendant**s**" (emphasis added) although Associate Dean Verduin is the only individual still listed as a defendant in the case. Finally, Count I seeks relief from all "Defendants."

#### b.  Plaintiff Continues to Fail to Allege any Action Taken by Marcy Verduin in her Individual Capacity.

Eleventh Amendment immunity applies to UCF **and** its officials acting in their official capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1524 (11th Cir.1990). Accordingly, Count II must be dismissed unless Plaintiff properly alleges a claim against Ms. Verduin in her individual capacity.

Plaintiff alleges that he was accused of engaging in academic misconduct by exam proctors Phillip Bellew and Basma Selim neither of whom are defendants in this action. (Doc. 30 ¶ 18). Next, on February 19, 2020, Plaintiff was informed of a possible honor violation by Associate Dean of Students, Jonathan Kibble. (Id. ¶ 29). An initial hearing was held by the SPCC. Associate Dean Verduin was not involved. The only factual allegation made against Associate Dean Verduin continues to be that, after an informal investigation regarding Plaintiff's possible academic misconduct she denied his request for an informal hearing. (Id. ¶¶ 43, 45). This clearly alleges conduct taken in Associate Dean's official capacity. The Amended Complaint does not explain why Plaintiff contacted Associate Dean Verduin when it was Associate Dean Kibble who was involved in the informal investigation and notified Plaintiff of the possible honor violation. The only possible reason for Plaintiff to reach out to Associate Dean Verduin, however, would be a belief that she, in her official capacity with UCF, had the power to grant his request. Associate Dean Verduin would have no ability in her <u>individual</u> capacity to impact Plaintiff's case. On this basis alone, Plaintiff fails to state a claim for substantive due process against Associate Dean Verduin in her individual capacity.[3]

---

[3] Plaintiff also admits in Paragraph 56 of the Second Amended Complaint that he does not know when Associate Dean Verduin acted in her official capacity or in her individual capacity.

### c. Plaintiff Does Not Allege Facts to Support a Claim of Substantive Due Process.

Even if Plaintiff alleged actions taken by Associate Dean Verduin in her official capacity, at a minimum, in order to prevail on a claim for violation of substantive due process rights, Plaintiff must prove, "(1) the existence of a protected property or liberty interest; and (2) arbitrary and capricious conduct on the part of state officials by showing that there was no rational basis for their decision or that the decision was motivated by bad faith or ill will unrelated to academic performance." *Schuler v. Univ. of Minn.,* 788 F.2d 510, 515 (8th Cir.1986); *see also Regents of Univ. of Mich. v. Ewing,* 474 U.S. 214, 223, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985); *Hamil v. Vertrees,* No. 98-D-508-N, 2001 WL 135716, at \*7 (M.D. Ala. Jan.10, 2001).

Based on defense counsel's research, while, on occasion they have assumed it for the sake of argument, the United States Supreme Court, the Eleventh Circuit and the Florida Supreme Court have never concluded that a protected property interest exists in a student's post-secondary education at a public college and, at least courts in the Eleventh Circuit have affirmatively held that no such right exists. *See Doe v. Valencia Coll.*, 903 F.3d 1220, 1235 (11th Cir. 2018) ("Students at a public university do not have a fundamental right to continued enrollment."); *Wright v. Chattahoochee Valley Cmty. College*, No.: 3:06-cv-1087 WKW, 2008

WL 4877948, at *4 (M.D. Ala. Nov. 12, 2008); *Ellison v. Bd. of Regents of Univ. Sys. Of Ga.*, No. CV 105-204, 2006 WL 664326, at *1 (S.D. Ga. Jan. 12, 2006) ("No court has recognized a substantive property or liberty interest in a college education.").[4] Accordingly, Plaintiff's Complaint fails to allege a recognized protected property or liberty interest.

Even if Plaintiff could meet the first element of a substantive due process claim, the Amended Complaint clearly fails to allege any facts supporting a claim that Associate Dean Verduin acted in an arbitrary and capricious manner, that there was no rational basis for her actions, or that she was motivated by malice or ill-will.

In *Ewing,* the Supreme Court explained the "arbitrary and capricious" standard and the requisite deference for academic decisions as follows:

> When judges are asked to review the substance of a genuinely academic decision, ... they should show great respect for the faculty's professional judgment. Plainly, they may not override it unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment. *Ewing*, 474 U.S. 214 at 223.

Merely alleging a "possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss," *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), and federal

---

[4] Courts in at least the Sixth Circuit appear to have taken a different position. See *Doe v. Cummins*, 662 F. App'x 437, 452 (6th Cir. 2016).

courts may infer "obvious alternative explanation[s]" from a complaint's factual allegations "that suggest lawful conduct rather than an inference of unlawful conduct." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

Plaintiff argued in his Opposition to Defendant's Motion to Dismiss Amended Complaint that Associate Dean Verduin's actions and "decision to charge Plaintiff with a detrimental integrity violation" was "based on improper motive, *i.e.*, personal vendetta, bias and/or prejudice, not on academic grounds" and she "did not exercise professional judgment in denying Plaintiff the required due process and ultimately his degree." He further argues that Verduin "impermissibly would not allow" him an informal disciplinary hearing; and all of these actions "violated Plaintiff's substantive due process right to be free from arbitrary state action." (Doc. 26 p. 8).

In the Second Amended Complaint, Plaintiff included some of his arguments as allegations (Doc. 30 ¶¶ 46-47).[5] The flaw in Plaintiff's argument and the Second Amended Complaint is that these allegations are wholly conclusory, lack any factual support and are otherwise contradicted by facts which are included in the Amended Complaint. For example, there is no factual allegation that Associate Dean Verduin played any role in the "decision to charge plaintiff with a

---

[5] These "legal conclusions masquerading as facts" fail to create a claim that survives a motion to dismiss. *Davila v. Delta Air Lines, Inc.* 326 F.3d 1183, 1185 (11th Cir. 2003).

9

detrimental integrity violation." To the contrary, Plaintiff alleges that proctors Bellew and Selim accused Plaintiff of academic dishonesty. After an informal hearing, the SPCC, in association with Associate Dean Kibble, not Associate Dean Verduin, decided to move forward with a formal hearing. The only factual allegation of action taken by Associate Dean Verduin is that she would not intercede in ongoing proceedings with which she was not involved. Plaintiff does not allege any fact remotely suggesting that Associate Dean Verduin had authority to grant him an "informal hearing" or from which it might be concluded that her failure to intercede was a "substantial departure from academic norms" as required by the Supreme Court in *Ewing* cited above. Ms. Verduin did not have any role in the ongoing disciplinary proceedings and it appears that Plaintiff's request to Ms. Verduin and another Associate Dean was simply an attempt at an end run around the SPCC's ongoing proceedings.

In fact, Plaintiff did not have a right to an informal hearing. In claiming such a right, Plaintiff refers to Section 3.1.4.2 of the UCF College of Medicine's MD Program Honor Code ("Honor Code"), a copy of which is attached hereto as Exhibit "A."[6] Section 3.1.4.2 does not provide students with the right to request an

---

[6] When a Plaintiff fails to include a document on which a claim is based with his Complaint, Defendant may attach a copy to its Motion to Dismiss. *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1280, n. 16 (11th Circuit 1999). Apparently, Defendant failed to file a complete copy of the MD Program Honor Code with its' Motion to Dismiss Plaintiff's Amended Complaint. A complete copy is attached to this Motion.

informal hearing but states that, after an informal investigation of an allegation of academic misconduct (which Plaintiff refers to as an "initial hearing"), one option for the SPCC is to informally resolve the charge of academic misconduct. In Plaintiff's case, the SPCC, in accordance with policy section 3.1.4.3, instead elected to schedule an Honor Hearing at which all evidence could be reviewed and presented before a determination was reached as to whether Plaintiff engaged in academic misconduct. Associate Dean Verduin is not alleged to have been a member of the SPCC or involved with its processes and procedures in any way.

### d. Associate Dean Verduin is Entitled to Qualified Immunity.

"Qualified immunity provides complete protection for government officials sued in their individual capacities where their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Quinette v. Reed*, 805 F. App'x 696, 701 (11th Cir. 2020) (per curiam) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). A government official "is entitled to qualified immunity where his actions would be objectively reasonable to a reasonable [official] in the same situation." *Id*. (citing *Anderson v. Creighton*, 483 U.S. 635, 638–41, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). For qualified immunity to apply, Associate Dean Verduin must have been acting within the scope of her discretionary authority when the allegedly wrongful acts occurred. *Id*. (citation omitted). Once

she establishes that she were acting within the scope of her discretionary authority, the burden shifts to the plaintiff to show that Associate Dean Verduin violated a clearly established constitutional right. *See Carter v. Butts Cnty., Ga.*, 821 F.3d 1310, 1319 (11th Cir. 2016) (citation omitted).

Courts employ a two-step inquiry to determine whether government officials are entitled to qualified immunity: (1) the facts alleged in the complaint show the official's conduct violated a constitutional right, and (2) the right was clearly established at the time of the alleged misconduct. *See Pearson v. Callahan,* 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Courts need not address these steps in sequential order. *See id*. at 236, 129 S.Ct. 808.

In this case, as described above, the allegations in the Second Amended Complaint establish that Associate Dean Verduin had no authority, discretionary or otherwise, to agree to Plaintiff's request for an "informal hearing" and so Plaintiff's claim against her may be dismissed without any need for the Court to address qualified immunity. Assuming arguendo, however, that she had discretionary authority to override the SPCC and Associate Dean Kibble, Plaintiff cannot show that Associate Dean Verduin's conduct violated a constitutional right that was clearly established at the time of the misconduct. As set forth in Section C above, neither the Supreme Court nor the Eleventh Circuit has established that continued enrollment in a post-secondary educational institution is an interest

12

protected by the 14th Amendment's right of substantive due process. Because Plaintiff cannot point to any decision clearly establishing such a right before the events at issue in the Second Amended Complaint, Associate Dean Verduin is entitled to qualified immunity from Plaintiff's substantive due process claim. *Hamil v. Vertrees*, 2001 WL 135716 *27-29 (M.D. Ala. Jan. 10, 2001).

To the extent that Plaintiff argues that his rights are based on an express or implied contract with UCF, that claim also fails because there are no facts alleged in the Second Amended Complaint to support an allegation that UCF breached any obligation to Plaintiff. Citing to Section 3.1.4.2 of the Honor Code, Plaintiff claims that Associate Dean Verduin violated his rights by failing to agree to his request for an "informal hearing." The procedures to be implemented when suspected dishonorable conduct is observed, however, did not provide Associate Dean Verduin authority to schedule an informal hearing. As alleged in the Second Amended Complaint, Associate Dean Kibble, not Associate Dean Verduin was involved with the review of Plaintiff's alleged misconduct. Pursuant to Section 3.1.4 of the Honor Code, after the informal investigation of Plaintiff's suspected misconduct, one option for the SPCC Chair and Associate Dean Kibble was to attempt to reach an informal resolution of the charge with Plaintiff. (Honor Code § 3.1.4.2).  Instead, pursuant to § 3.1.4.3, the decision was made to hold an Honor Code Hearing and Plaintiff was informed of that decision by Associate Dean

Kibble. (Doc. 30 ¶ 29). There is no provision allowing for an informal hearing after the informal investigation is finished. If Plaintiff wanted to appeal the decision to hold an Honor Code Hearing then he had a right to do so to the SPCC Chair. (Honor Code § 3.2.1). He did not do so but, instead, made his request for an informal hearing from Associate Dean Verduin. Nothing in the Honor Code, however, gives the right to Associate Dean Verduin, or even Associate Dean Kibble, to schedule such a hearing.

Perhaps more importantly, "areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'" *McKinney v. Pate*, 20 f.3d 1550, (11th Cir. 1994) quoting *Regents of Univ. of Mich. v.Ewing,* 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985) (Powell, J., concurring). The right to attend a public school is a state-created, rather than a fundamental, right for the purposes of the substantive due process clause. *See Plyler v. Doe*, 457 U.S. 202, 221, 102 S.Ct. 2382, 2396, 72 L.Ed.2D 786 (1982) (noting that although it is societally important, "[p]ublic education is not a `right' granted to individuals by the Constitution"); *also see C.B. ex rel. Breeding v. Driscoll* 82 F.3d 383, 387 (1996); *accord Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 896 (11th Cir. 2013).

For all of the above-stated reasons, Associate Dean Verduin is entitled to the protection of qualified immunity and Count I of the Second Amended Complaint should be dismissed with prejudice.

### IV.    Count II Fails to Allege a Justiciable Claim under Title IV Against UCF.

As with his claim against Associate Dean Verduin, Plaintiff alleges almost no new facts in Count II of his Second Amended Complaint but instead raises more of the conclusory opinions and subjective beliefs that the Court previously held failed to support a claim in his Amended Complaint.

Under Title VI of the Civil Rights Act of 1964, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a cause of action under Title VI against UCF, Plaintiff must allege that UCF discriminated against him because of his national origin, the discrimination was intentional, and the discrimination was a "substantial" or "motivating factor" for UCF's actions. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001); and *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). "Subjective belief alone cannot prove intentional discrimination." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1151 (5th Cir.2021); Also *see, e.g., Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000). Rather, for Plaintiff's Title VI claim to survive a Motion

to Dismiss, the facts alleged in the Complaint must allow the Court to reasonably infer that his national origin was a substantial or motivating factor for UCF's actions. *See Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). They do not.

Plaintiff's Complaint and Amended Complaint alleged that he told the SPCC that he sometimes did not make eye contact with others because of his "culture." In his Second Amended Complaint, Plaintiff now claims that he told the SPCC that his lack of eye contact was due to "his Romanian decent (sic) Eastern European culture." Plaintiff, however, still fails to make any connection between UCF's disciplinary process and his lack of eye contact with others. The proctors who reported him for possible academic misconduct did not know of his Romanian descent. There is no allegation that anyone from UCF noticed or mentioned his lack of eye contact, his Romanian descent, or even any aspect of his "culture." Plaintiff provides no suggestion of why the SPCC would discriminate against him merely because his eye contact with members may have been minimal during the informal investigation. Finally, Plaintiff fails to identify any student who was allegedly treated differently in similar circumstances. Instead, he continues to rely on conclusory opinions without facts to support a claim of discrimination. Accordingly, Plaintiff has failed, for a third time, to state a claim against UCF and Count II of the Second Amended Complaint should be dismissed with Prejudice.

16

Additionally, UCF did not take any adverse action against Plaintiff for which he might seek relief. Merely, scheduling a hearing does not constitute an adverse action. Although he might have faced adverse consequences if found guilty of academic dishonesty at a formal hearing, rather than defend himself, Plaintiff chose to voluntarily withdraw from UCF. Any harm he suffered was a result of his decision to withdraw and not any action taken by UCF. Furthermore, not only did Plaintiff have an opportunity to prevail at the Honor Code Hearing but had he lost at that stage, Plaintiff could have filed a petition for certiorari review with the Circuit Court in and for Orange County, Florida. *See Fla. R. App. P.* 9.100(c) and 9.190(b) (3) (providing for certiorari review of quasi-judicial actions of state agencies, boards and commissions). There was no certainty that Plaintiff would have been dismissed after his Honor Code Hearing or that a dismissal would have been upheld by the state court. Based on Plaintiff's failure to take advantage of the procedures and potential remedies available to him, Count II of the Second Amended Complaint should be dismissed with prejudice.

As noted above, Plaintiff's Second Amended Complaint adds the claim that he is of Romanian descent. Otherwise, the Second Amended Complaint merely substitutes conclusions that UCF's conduct disparately impacted Plaintiff with conclusory allegations that UCF's conduct was intentional without any factual support for those allegations. Accordingly, Plaintiff, having been given multiple

17

opportunities to state a claim under Title VI and having failed to do so, Count II of the Second Amended Complaint should be dismissed with prejudice.

## V.    Conclusion

**WHEREFORE,** for the various reasons set forth above, Defendants University of Central Florida Board of Trustees and Marcy Verduin respectfully request an Order dismissing Plaintiff's Second Amended Complaint with prejudice.

Respectfully submitted this 12th day of July 2023.

/s/ *Mark Van Valkenburgh*
JEFFREY S. WEISS, ESQUIRE
Florida Bar No.  750565
MARK VAN VALKENBURGH, ESQUIRE
Florida Bar No. 065773
**GARGANESE, WEISS, D'AGRESTA & SALZMAN, P.A.**
111 N. Orange Avenue, Suite 2000
Orlando, Florida  32801
Tel:  407-425-9566 / Fax:  407-425-9596
Primary email:      jweiss@orlandolaw.net
          mvanvalkenburgh@orlandolaw.net
Secondary email: dguzman@orlandolaw.net
          lfinke@orlandolaw.net
Attorneys for Defendants The University of Central Florida Board of Trustees and Marcy Verduin

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that the undersigned has spoken with Plaintiff's counsel about the filing of this Motion who indicated that Plaintiff would respond to the motion when filed.

/s/ *Mark L. Van Valkenburgh*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of July, 2023, a copy of the foregoing was electronically filed with the Clerk of Court for the US District Court for the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to: Keith Altman, Esquire at The Law Office of Keith Altman, 33228 West 12 Mile Road, Suite 375, Farmington Hills, Michigan, 48331 at keithaltman@kaltmanlaw.com.

/s/ *Mark L. Van Valkenburgh*
Attorney