# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| RAZVAN RUSOVICI, | Case No.  6:22-cv-2172 |
| *Plaintiff,* | |
| v. | |
| THE UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES; MARCY VERDUIN (in her official and individual capacity); DOE DEFENDANTS 1-20 (in their official and individual capacity), | |
| *Defendants.* | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................ii

DISMISSAL OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH LOCAL

RULES.................................................................................................................................1

STANDARD OF REVIEW.................................................................................................1

LEGAL ARGUMENT........................................................................................................2

    I.   §1983 Claim Against Defendant Marcy Verduin ......................................................2

       A.  Individual Capacity................................................................................................2

       B.  Substantive Due Process Claim.............................................................................2

          i.   Protected Property Interest ...............................................................................3

         ii.  Protected Liberty Interest .................................................................................5

       C.  Due Process Claim.................................................................................................6

    II.  Title IV ...................................................................................................................9

CONCLUSION ...................................................................................................................10

i

## **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .......................................................................... 1

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007) ................................... 1

*Board of Regents of State Colleges v Roth* , 408 U.S. 564, 577 (1972) ............................. 4

*Brophy v. Jiangbo Pharms., Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015) ........................... 2

*Elston v. Talladega County Bd. of Educ*, 997 F.2d 1394, 1406 (11th Cir. 1993) ............. 10

*Erickson v. Pardus*, 551 U.S. 89 (2007) ............................................................................. 2

*Goss v. Lopez*, 419 U.S. 565, 579, 95 S. Ct. 729, 42 L. Ed. 2d 725 (1975) ................ 3, 7, 9

*Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) ................................................ 3

*Hamil v. Vertrees*, Civil Action No. 98-D-508-N, 2001 U.S. Dist. LEXIS 1634, at *15

    (M.D. Ala. Jan. 10, 2001) ........................................................................................ 3, 4

*Hammond v. Auburn Univ.*, 669 F. Supp. 1555, 1561 (M.D. Ala. 1987) ........................... 4

*Handi Van, Inc. v. Broward Cty.*, No. 08-62080-CIV, 2010 U.S. Dist. LEXIS 58554, at

    *21 (S.D. Fla. June 14, 2010) .................................................................................... 10

*Hoefling v. City of Miami*, 811 F.3d 1271, 1282 (11th Cir. 2016) ..................................... 7

*Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) ................................................. 3

*In re Univ. of Miami Covid-19 Tuition & Fee Refund Litig.*, 524 F. Supp. 3d 1346, 1352

    (S.D. Fla. 2021) ............................................................................................................ 4

*Littlejohn v. Sch. Bd. of Leon Cty. Fla.*, No. 4:21cv415-MW/MJF, 2022 U.S. Dist. LEXIS

    238141, at *13-14 (N.D. Fla. Dec. 22, 2022) ............................................................. 9

*Maddox v. Stephens*, 727 F.3d 1109 (11th Cir. 2013)...........................................................8

*Paul v. Davis*, 424 U.S. 693, 734, 96 S. Ct. 1155, 1177 (1976).........................................5

*Perry v. Sindermann*, 408 U.S. 593, 601, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972)...........5

*Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 223, 106 S. Ct. 507, 88 L. Ed. 2d 523

(1985) ...................................................................................................................................4

*Richmond v. Fowlkes*, 228 F.3d 854, 859 (8th Cir. 2000)...................................................4

*Rosado v. Barry University Inc.*, 499 F. Supp. 3d 1152, 2020 U.S. Dist. LEXIS 204355,

2020 WL 6438684, at *3 (S.D. Fla. Oct. 30, 2020).........................................................4

*Sirpal v. Univ. of Miami*, 684 F. Supp. 2d 1349, 1359 (S.D. Fla. 2010)............................4

*Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1305 (11th Cir. 2003).................8

**Statutes**

42 U.S.C. § 2000d ...................................................................................................................9

**Rules**

Fed. R. Civ. P. 12(b)(6) ...........................................................................................................1

**DISMISSAL OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH LOCAL RULES**

Defendants filed their Motion to Dismiss the Second Amended Complaint on July 12, 2023. Defendants Motion failed to comply with the standard motion practice of this court. As such, Plaintiff respectfully requests that Defendants Second Motion to Dismiss be denied.

**STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion, the plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations of a complaint must be "enough to raise a right to relief above the speculation level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the Plaintiff. *Id.*

"Specific facts are not necessary; the statement needs only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89 (2007). When evaluating a motion to dismiss, a district court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Brophy v. Jiangbo Pharms., Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015).

1

**LEGAL ARGUMENT**

I.     **§1983 Claim Against Defendant Marcy Verduin**

   **A. Individual Capacity**

Plaintiff alleges a violation of his due process rights as protected by the Fourteenth Amendment to the United States Constitution. Defendant's actions and decision to charge Plaintiff with a detrimental integrity violation and deny Plaintiff a medical degree from UCF was based on improper motive, i.e., personal vendetta, bias and/or prejudice, not on academic grounds. Defendant Verduin's actions were intentionally undertaken with the motive of causing injury to the Plaintiff. Defendant Verduin did not exercise professional judgment in denying Plaintiff the required substantive due process and ultimately his degree. Further, some administrative remedies had been closed to Plaintiff. Defendant Verduin intentionally and impermissibly would not allow Plaintiff an informal disciplinary hearing. These actions violated Plaintiff's substantive due process right to be free from arbitrary state action.

   **B. Substantive Due Process Claim**

To establish a § 1983 claim, a plaintiff must prove "1) violation of a constitutional right, and 2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

In the Eleventh Circuit, "a § 1983 claim alleging a denial of due process requires proof of three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." *Grayden v. Rhodes*,

2

345 F.3d 1225, 1232 (11th Cir. 2003). Students faced with "interference with a protected property interest must be given some kind of notice and afforded some kind of hearing." *Goss v. Lopez*, 419 U.S. 565, 579, 95 S. Ct. 729, 42 L. Ed. 2d 725 (1975).

The Eleventh Amendment does not insulate state officials from suit for prospective declaratory and injunctive relief to remedy violations of federal constitutional law. *Hamil v. Vertrees*, Civil Action No. 98-D-508-N, 2001 U.S. Dist. LEXIS 1634, at *15 (M.D. Ala. Jan. 10, 2001).

### i.    Protected Property Interest

Plaintiff has a constitutionally protected property right in his undergraduate degree. To plead a due process claim, a plaintiff must allege facts to show that she was deprived of life, liberty or property, by governmental action.

The issue of whether a student attending a public university has a property interest in continued enrollment is not settled. Neither the Supreme Court nor the Eleventh Circuit have explicitly recognized a property interest in a student's continued enrollment in a public college or university or a liberty interest in his good name, resulting from a constitutionally infirm disciplinary process. However, both courts have assumed that one or both interests exist.

"Every case the court has uncovered also assumed, without deciding, that "a student who is subject to academic dismissal may maintain a cause of action for the violation of his right to substantive due process." *Richmond v. Fowlkes*, 228 F.3d 854, 859 (8th Cir. 2000); *Hammond v. Auburn Univ.*, 669 F. Supp. 1555, 1561 (M.D. Ala. 1987); *Hamil v.*

3

*Vertrees*, Civil Action No. 98-D-508-N, 2001 U.S. Dist. LEXIS 1634, at *22-23 (M.D. Ala. Jan. 10, 2001).

In *Regents of Univ. of Mich.*, the Court "accept[ed] the University's invitation" to 'assume the existence of a constitutionally protectible property right in [Ewing's] continued enrollment,'" *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 223, 106 S. Ct. 507, 88 L. Ed. 2d 523 (1985).

It is well-settled in Florida that "the terms of the relationship between a student and a university may be found in university catalogs, student manuals, student handbooks, and other university policies and procedures." *Rosado v. Barry University Inc.*, 499 F. Supp. 3d 1152, 2020 U.S. Dist. LEXIS 204355, 2020 WL 6438684, at *3 (S.D. Fla. Oct. 30, 2020). A Student's relationship with university is based in contract arising from university's rules, regulations, regimen and publications at the time of enrollment. *In re Univ. of Miami Covid-19 Tuition & Fee Refund Litig.*, 524 F. Supp. 3d 1346, 1352 (S.D. Fla. 2021) (citing *Sirpal v. Univ. of Miami*, 684 F. Supp. 2d 1349, 1359 (S.D. Fla. 2010)).

A property interest also may be conferred by contract, or by a clearly implied promise of the right. *Board of Regents of State Colleges v Roth* , 408 U.S. 564, 577 (1972). "A person's interest in a benefit is a property interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972) A written contract is evidence of a formal understanding that supports a claim of a property interest, but absence of a contract may not always foreclose the possibility that a person has a property interest. *Id.*

Plaintiff enrolled at Defendant UCF with the intent to pursue a medical degree. Upon acceptance by UCF to obtain educational instruction to complete a medical degree, Plaintiff furnished the set tuition. After consideration was paid, Plaintiff became a student at UCF, completing the contract for educational services to obtain a medical degree. An implied contract is created through payment of tuition.

As per UCF's policies and procedures, Plaintiff had an expectation of continued enrollment in the program and to be free from unbased disciplinary action. Plaintiff has a well-established property interest in his educational degree from UCF.

### ii.    Protected Liberty Interest

To make out a liberty interest based on damage to one's good name, reputation, or integrity, a person must show more than a reputational injury to make out a constitutional claim. A plaintiff must show that his reputational injury was accompanied by a state action that "'distinctly altered or extinguished'" his legal status. "Our precedents clearly mandate that a person's interest in his good name and reputation is cognizable as a "liberty" interest within the meaning of the Due Process Clause". *Paul v. Davis*, 424 U.S. 693, 734, 96 S. Ct. 1155, 1177 (1976).

While enrolled at UCF Plaintiff was pursuing a medical degree. A degree which will allow Plaintiff to successfully complete his education to become a medical doctor and ultimately secure him a position within the workforce. Plaintiff's liberty interest in his good name and reputation has been injured as a result of the Defendants action. Plaintiff's honesty and integrity is now called into question. Plaintiff's propensity to act in an honest manner is now called into question. As a result of the disciplinary proceeding and

5

subsequent decision Plaintiff will now be required to disclose his integrity violation on every application to medical schools. As medical schools and future employers seek his educational records to determine fit and placement without their respective places of education and employment, Plaintiff will be turned away due to Defendants actions. Further, Plaintiff's record will be stained for licensure in certain states. Plaintiff's constitutionally protected liberty interest has been injured as a result of Defendants actions.

### C. Due Process Claim

Looking at the third prong of the test Plaintiff must plead that that the procedures employed in his disciplinary case were constitutionally inadequate. Plaintiff's disciplinary hearing was constitutionally inadequate in many areas including receiving hearing documents four day prior to the hearing set by the Defendants denying Plaintiff a meaningful opportunity to respond. Due to the nature of the claims, Defendants knew or should have known that the data provided to Plaintiff in regard to the claims being brought against him would need timely analysis by an IT specialist.

Defendants further concluded that Plaintiff violated UCF policy against a preponderance of the evidence, in direct violation of Defendants policies and procedures. (Exhibit A – UCF Policy).

In the Eleventh Circuit, to state a valid substantive due process claim under section 1983, Plaintiffs must allege (1) a deprivation of a constitutionally protected interest, and (2) that the deprivation was the result of an abuse of governmental power sufficient to raise an ordinary tort to the stature of a constitutional violation. *Hoefling v. City of Miami*, 811 F.3d 1271, 1282 (11th Cir. 2016). Students faced with "interference with a protected

property interest must be given some kind of notice and afforded some kind of hearing." *Goss v. Lopez*, 419 U.S. 565, 579, 95 S. Ct. 729, 42 L. Ed. 2d 725 (1975).

Plaintiff was provided with the evidence to be used against him during the disciplinary hearing only four days before the hearing. The data was provided to Plaintiff in a substantially unusable format on printout paper and required extraordinary efforts to evaluate and understand, instead of something functional like an Excel spreadsheet, which is the format it existed in when performing the analysis. Plaintiff did not have adequate time to determine the authenticity of the evidence, let alone have the evidence processed prepared to rebut the evidence being brought against him. Had Plaintiff been aware of the evidence, Plaintiff would have been prepared to defend such information. As such, Plaintiff was not provided adequate notice of the contents of the data and testimony regarding the incident utilized by the hearing board. Plaintiff was unprepared to provide an adequately prepared witness and exhibits due to receiving data files that required timely IT interpretation from the Defendants mere days before the scheduled hearing. Plaintiff had insufficient amount of time to prepare for a hearing that carried the very serious consequence from the university and subsequently in his further educational and workforce careers. Defendants were inadequate to afford him due process.

Plaintiff has adequately pled a due process violation with a taking of both a constitutionally protected property and liberty interest. Plaintiff's due process rights were clearly established at the time of the taking. It is well established that students within the educational field are afforded the due process right when they have been accused of a wrongdoing that could result in discipline or expulsion. Defendants acted intentionally to

7

deprive Plaintiff of those rights in the handling of Plaintiff's discipline hearing. As a result of Plaintiff's national origin, Defendants assumed guilt against a preponderance of the evidence and wrongfully found Plaintiff guilty of a disciplinary violation with irreparable harm as a result.

"[E]ven intentional wrongs seldom violate the Due Process Clause." *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1305 (11th Cir. 2003). Conduct by a state actor will rise to the level of a substantive due process violation only when "the [conduct] can be characterized as arbitrary or conscience shocking in a constitutional sense." *Id.* "Only the most egregious official conduct can be said to be arbitrary in the constitutional sense," and conduct considered conscience-shocking is typically "[c]onduct intended to injure in some way that is unjustifiable by any government interest." *Maddox v. Stephens*, 727 F.3d 1109 (11th Cir. 2013); *Littlejohn v. Sch. Bd. of Leon Cty. Fla.*, No. 4:21cv415-MW/MJF, 2022 U.S. Dist. LEXIS 238141, at *13-14 (N.D. Fla. Dec. 22, 2022).

UCF has an obligation to enact and enforce lawful and constitutional policies, procedures, protocols, and customs for all employees, agents, and contractors. At the bare minimum, due process requires oral or written notice of the charges against the student and, if the student denies them, an explanation of the evidence the authorities have. *Goss v. Lopez*, 419 U.S. 565, 581 (1975). Due process also requires student disciplinary hearings "provide a meaningful hedge against erroneous action" by, at the very least, allowing the student to alert administrators to factual disputes and breaks in causal chains. *Id.* at 583.

8

Plaintiff is a highly accomplished professional, instructor, and student. He should not have been subjected to these proceedings based on a highly spurious data analysis. UCF's gotcha-style approach to the disciplinary process rendered Plaintiff's hearing meaningless and void of due process.

Lastly, Defendants argue that Plaintiff failed to seek available state court relief. No such requirement exists.

## II.    Title IV

"No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

Plaintiff was treated differently than other students of alternate ethnic backgrounds. Plaintiff's national origin is Romanian. Therefore, engages in conduct that is common within Eastern European cultures. During his informal hearing, Plaintiff informed the hearing board that he was from an Eastern European culture where it is impolite to make direct eye contact and even asked the hearing board to keep this in mind throughout his hearing and not judge the honesty for his answers based on eye contact alone. Despite this knowledge, the hearing board failed to account for the cultural differences throughout the entire discipline process.

As a result of Plaintiff's Eastern European culture, Plaintiff was further viewed as untrustworthy for not making eye contact with the hearing board resulting in further discrimination and a hearing void of due process. The hearing board's interpretation of

9

Plaintiff failing to make eye contact with the members of the hearing board had a direct result in Plaintiff being found guilty of an integrity violation.

The issue under a Title VI discrimination case is whether the decision-maker acted with discriminatory intent. *Handi Van, Inc. v. Broward Cty.*, No. 08-62080-CIV, 2010 U.S. Dist. LEXIS 58554, at *21 (S.D. Fla. June 14, 2010); (citing *Elston v. Talladega County Bd. of Educ*, 997 F.2d 1394, 1406 (11th Cir. 1993)). The hearing board intentionally failed to consider the cultural differences of Plaintiff. Plaintiff's cultural differences amounted to a substantial and motivating factor in the board's decision.

Defendants misconstrue Plaintiff's statements regarding the testing environment that led to the Plaintiff's claims. Plaintiff was noted to have been excessive eye movements in the testing facility which led to Plaintiff's alleged misconduct. Plaintiff was not engaging in direct eye contact with another individual in an interaction. Plaintiff was merely looking about the room. When engaged in the disciplinary process void of due process, Plaintiff was respectfully not looking the hearing board in the eyes as is customary of Plaintiff's national origin and culture.

Plaintiff concedes that there is no individual liability under Title VI. As such, claims brought against Defendant Verduin in her individual capacity should be dismissed.

## CONCLUSION

Plaintiff has pled valid claims in the Second Amended Complaint. As such, Defendant's Motion to Dismiss should be denied and the case should be allowed to proceed to discovery and a date set for trial.

10

Dated: August 2, 2023                   Respectfully Submitted,

Keith Altman, Esq. (*pro hac vice*)
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of August, 2023, a copy of the foregoing was electronically filed with the Clerk of Court for the US District Court for the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to all registered parties/counsel.

/s/ Keith Altman
Keith Altman, Esq.
*Attorney for Plaintiff*

11