# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 02, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  24-10074-AA
Case Style:  Razvan Rusovici v. Marcy Verduin, et al
District Court Docket No:  6:22-cv-02172-ACC-EJK

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10074

Non-Argument Calendar

_____

RAZVAN RUSOVICI,

                                                        Plaintiff-Appellant,

*versus*

UNIVERSITY OF CENTRAL FLORIDA,
through its Board of Trustees, et al.,

                                                        Defendants,

MARCY VERDUIN,
in her official and individual capacity,

2                    Opinion of the Court                    24-10074

DOE DEFENDANTS 1-20

in their official and individual capacity,
THE UNIVERSITY OF CENTRAL FLORIDA
BOARD OF TRUSTEES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-02172-ACC-EJK

_____

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Razvan Rusovici is a former student at
the University of Central Florida (UCF) College of Medicine who
withdrew his enrollment one day before he was scheduled to have
a formal hearing about cheating allegations against him. Proceed-
ing *pro se* before this court, Rusovici appeals the district court's dis-
missal of his complaint against UCF, its Associate Dean of Students,
Dr. Marcy Verduin, and unnamed members of the UCF Board of
Trustees (together, Defendants). After thorough review of the rec-
ord, we affirm the district court's dismissal.

**I.**

Rusovici was a medical student at UCF on January 27, 2020, when he took a digital exam in a classroom using ExamSoft software. Following the exam, two proctors accused him of academic misconduct based both on his behavior during the exam as well as ExamSoft data, which reported that he answered 35 of the 114 multiple choice test questions within 15 seconds of the student in front of him. On February 19, Rusovici was informed of this possible honor code violation. On February 21, he attended an initial hearing where he explained to the student conduct council that in his eastern European culture, prolonged eye contact was impolite, and they should not take that as a sign of deceit. Then, on February 25, Rusovici was informed that a formal hearing had been scheduled for March 6. On March 2, he was provided with his ExamSoft data, which he requested a one-week extension to review. The request was granted, and the hearing was re-scheduled for March 13. Then, on March 12—one day before the rescheduled formal hearing—Rusovici reached out to Verduin, seeking an "informal resolution" pursuant to the UCF Program Honor Code. Verduin denied this request, and Rusovici withdrew his enrollment the same day.

Rusovici subsequently filed suit, arguing that as a direct result of Defendants' actions, his academic prospects, earning potential, and reputation were severely harmed. Rusovici argued that he had property and liberty interests in continuing his medical education at UCF and was denied a fair and impartial process for evaluating his alleged honor code infraction, amounting to a violation of

4                     Opinion of the Court                    24-10074

his due process under 42 U.S.C. § 1983.  He also alleged that the student conduct council intentionally discriminated against him by not considering his cultural differences concerning eye contact in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.  Defendants moved to dismiss, and the district court granted the motion.  Rusovici timely appealed.

## II.

We review a district court's order granting a motion to dismiss de novo, accepting all facts in the complaint as true and drawing all reasonable inferences in favor of the plaintiff.  *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).  Rule 12(b)(6) permits a party to move the district court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To avoid dismissal, the complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

### A. Section 1983

Section 1983 provides a cause of action for citizens against persons acting under color of state law for violating their constitutional rights and other federal laws.  42 U.S.C. § 1983.  Rusovici alleges both procedural and substantive due process violations.

In order to succeed on his procedural due process claim, Rusovici must show that he was deprived of a constitutional

property interest by state action through a constitutionally inadequate process. *Spencer v. Benison*, 5 F.4th 1222, 1232 (11th Cir. 2021); *see* U.S. Const. amend. XIV, § 1. Rusovici did not exhaust administrative remedies or participate in the process provided by UCF, so the district court did not err in dismissing his procedural due process claim. *See Spencer*, 4 F.4th at 1232.

Turning to substantive due process, we need not reach the merits because Defendants are immune. The Eleventh Amendment excludes from the jurisdiction of federal courts lawsuits against a state, which includes state universities like UCF and state officials like Verduin sued in their official capacity. U.S. Const. amend. XI; *Univ. of S. Ala. v. Am. Tobacco*, 168 F.3d 405, 412 (11th Cir. 1999); *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). And to overcome qualified immunity for his claim against Verduin in her individual capacity, Rusovici must have: (1) alleged facts that establish that Verduin "violated his constitutional rights; and (2) show[n] that the right involved was clearly established at the time of the putative misconduct." *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1344 (11th Cir. 2016) (internal quotations omitted and alteration adopted). Rusovici has not met this burden. The only action Rusovici alleges was taken by Verduin was the denial of his request for an informal resolution even though a formal hearing was already scheduled. He cites no law supporting that such a decision was a violation that "a reasonable official" would have understood violated his rights. *Id.* Accordingly, we affirm the dismissal of Rusovici's substantive due process claim as well.

6                    Opinion of the Court                    24-10074

*B. Title VI*

Title VI states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.  To survive dismissal on his Title VI claim, Rusovici must "plausibly suggest that [he] suffered an adverse employment action due to intentional . . . discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam).  But the record is devoid of explanation as to how or why Rusovici's lack of eye contact—or any other facet of his national origin and culture—affected any portion of UCF's honor court proceedings.  *See id.*  Thus, Rusovici failed to plausibly show that his national origin was related to the actions taken against him by employees of UCF.  *See Iqbal*, 556 U.S. at 678.  Thus, we affirm the district court's dismissal of his Title VI claim.

**AFFIRMED.**